STATE of Wisconsin, Plaintiff-Respondent,

v.

Bobby R. KING, Defendant-Appellant.†

Court of Appeals

*No. 92-1298-CR. Submitted on briefs January 15, 1993.—Decided March 3, 1993.*

(Also reported in 499 N.W.2d 190.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender, and *Jack E. Schairer,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Patricia J. Gorence,* deputy attorney general.

Before Nettesheim, P.J., Brown and Snyder, JJ.

SNYDER, J. Bobby R. King appeals from a judgment convicting him of possession with intent to deliver less than ten grams of cocaine, contrary to sec. 161.41(1m)(c)1, Stats. King argues that the police did not have reasonable suspicion for an investigative stop of the vehicle he was driving and that the evidence obtained as a result of the stop should have been suppressed. We disagree and affirm.

On April 27, 1992, Sergeant David Tianen of the Racine police department responded to a radio dispatch of shots fired in the 2000 block of Mead or Racine Streets. On the way, Sergeant Tianen received an additional report over the radio which described the license plate number of a red and white Lincoln believed to be involved in the shooting.

Approximately one block away from the location of the reported shooting, Sergeant Tianen observed a vehicle matching the type, color and license plate number of the vehicle described in the report. After stopping the vehicle, Sergeant Tianen observed the driver, later identified as King, fidgeting and making repeated movements below the front seat.

Concerned that King was concealing a weapon under the seat, Sergeant Tianen ordered King out of the car and checked him for weapons. Finding none, Sergeant Tianen proceeded to check under the seat of the car, where he found a film cannister and a plastic bag, both containing cocaine. King was then arrested and charged with possession with intent to deliver, contrary to sec. 161.41(1m)(c)1, Stats.

The trial court denied King's motion to suppress the evidence of the cocaine seized after the stop and convicted him upon his plea of guilty. King now appeals the

149

judgment of conviction seeking review of the denial of his motion to suppress.

In reviewing an order suppressing evidence, this court will uphold a trial court's findings of fact unless they are against the great weight and clear preponderance of the evidence. *State v. Richardson*, 156 Wis. 2d 128, 137, 456 N.W.2d 830, 833 (1990). Whether a search or seizure passes constitutional muster, however, is a question of law subject to *de novo* review. *Id.* at 137-38, 456 N.W.2d at 833.

The validity of an investigatory stop is governed by *Terry v. Ohio*, 392 U.S. 1 (1968), as codified by sec. 968.24, Stats. *Terry* and its progeny require that a police officer reasonably suspect, in light of his or her experience, that some criminal activity has taken or is taking place before stopping an individual. *Terry*, 392 U.S. at 30. The focus of an investigatory stop is on reasonableness, and the determination of reasonableness depends on the totality of the circumstances. *Richardson*, 156 Wis. 2d at 139, 456 N.W.2d at 834.

The *Terry* reasonableness test applies to the stopping of a vehicle and detention of its occupants. *United States v. Hensley*, 469 U.S. 221, 226 (1985). Law enforcement officers may infringe on an individual's right to be free from a stop and detention if they have a suspicion grounded in specific, articulable facts and reasonable inferences from those facts that the individual has committed a crime. *State v. Guzy*, 139 Wis. 2d 663, 675, 407 N.W.2d 548, 554, *cert. denied*, 484 U.S. 979 (1987).

King relies on *Alabama v. White*, 496 U.S. 325 (1990), and *Richardson* to assert that the anonymous tip

150

information in this case was insufficient to supply police with a reasonable suspicion to justify an investigative stop. In *White*, an anonymous tipster informed police that the accused would be leaving a designated apartment at a particular time in a brown Plymouth station wagon with a broken taillight, that she would be going to a certain motel, and that she would be in possession of cocaine in a brown attache case. The Supreme Court held that independent corroboration of significant aspects of the tip exhibited a sufficient degree of reliability to provide police with reasonable suspicion for the investigatory stop of the accused's vehicle. *White*, 496 U.S. at 332.

In *Richardson*, an anonymous informant told police that Richardson and another specifically identified person left Viroqua to sell cocaine in LaCrosse. The tipster described the car, plate number and exact route to be taken by the defendant. Our supreme court held that there was sufficient corroboration of the tip by the police which gave rise to reasonable suspicion to make the investigatory stop. *Richardson*, 156 Wis. 2d at 142-43, 456 N.W.2d at 835-36.

King argues that, contrary to *White* and *Richardson*, the police in this instance had no independent verification of the tip. For instance, the arresting officer never verified that there was a shooting, the tip did not include any predicted future activity or an explanation of the relationship between the described car and the shooting, no gun was visible to police before stopping the car, and no gun was found on King when police frisked him. Therefore, King asserts that the police had virtually no corroborating evidence linking the driver of the car with the reported shooting.

King's reliance on *White* and *Richardson* is misplaced. In both *White* and *Richardson*, police received

151

tips regarding future narcotics trafficking in which they were able to corroborate the anonymous tipster's information by observing the accused's behavior over a certain period of time. In contrast, police in this case received a tip regarding gunshots in the street, a dangerous criminal activity already in progress.

King's argument contemplates a test where the evidence, in this case the seized cocaine, must establish some privity between the tip and the actual event. As King would argue, since the cocaine had no relationship to the reported shooting and the police did not observe or discover a gun on him, the police could not have reasonably associated King with the reported shooting, making the stop and subsequent search invalid. We expressly reject such a test. Rather, the focus of the test is on reasonableness.

■

The reasonableness of an investigatory stop such as occurred in this case depends on all the facts and circumstances that are present at the time of the stop. *Guzy*, 139 Wis. 2d at 679, 407 N.W.2d at 555. In *Guzy*, the police were alerted to a robbery committed by a suspect described as a white male, five feet five to five feet eight inches tall, with dark, shoulder-length hair and a beard, a slim build, wearing sunglasses and a blue vest with red stripes. Shortly thereafter, two officers followed a truck which caught their attention because the passenger appeared to be a male with dark, shoulder-length hair, as described in the report. The only other specific and articulable fact known to the officers was that the truck was spotted in the location at a time that would be consistent with a vehicle fleeing the crime scene.

■

In concluding that the officers acted reasonably by stopping the vehicle to further investigate, the *Guzy*

court adopted Professor LaFave's six factor analysis for use in making the determination of reasonableness:

> (1) the particularity of the description of the offender or the vehicle in which he fled; (2) the size of the area in which the offender might be found, as indicated by such facts as the elapsed time since the crime occurred; (3) the number of persons about in that area; (4) the known or probable direction of the offender's flight; (5) observed activity by the particular person stopped; and (6) knowledge or suspicion that the person or vehicle stopped has been involved in other criminality of the type presently under investigation.

*Id.* at 677, 407 N.W.2d at 554.

The court also noted the following additional circumstances relevant in the determination of reasonableness: (1) alternative means available to the officer to investigate short of making the stop; (2) the opportunity for further investigation, if action was not taken immediately; and (3) whether the description of the individual known to the officer would allow him to quickly identify the individual so that there would be minimal intrusion. *Id.* at 678, 407 N.W.2d at 555. Additionally, the severity or inherently dangerous nature of the criminal activity reported is a relevant consideration. *See United States v. Johnson,* 540 A.2d 1090, 1091-92 (D.C. 1988).

The facts and circumstances in this case are analogous, and we therefore analyze the reasonableness of the King stop using the above standards. First, the facts in this case support a determination that the stop was reasonable. The police were provided with a detailed description of the car reportedly involved in a shooting, including the model, color and license plate number. Shortly after receiving the report, Sergeant Tianen

observed a car matching the description one block away from the reported shooting. Sergeant Tianen observed the driver suspiciously reaching under the car seat on numerous occasions.

Second, the circumstances also indicated a need for an investigative stop. Like *Guzy*, there was no alternative means of further investigation available to Sergeant Tianen short of making the stop. The car was moving and if he did not react immediately the opportunity for further investigation would have been lost. Further, the fact that police were investigating a nighttime shooting incident in the streets must be considered an important factor.

We conclude that the trial court's findings of fact were not against the great weight and clear preponderance of the evidence. Therefore, applying the *Guzy* factors to the facts and circumstances, we conclude that the investigative stop was reasonable.

*By the Court.*—Judgment affirmed.